## James B. Clark, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 11918.   Promulgated June 14, 1928.

*George M. Morris, Esq.,* for the petitioner.
*Benton Baker, Esq.,* for the respondent.

618

OPINION.

TRAMMELL: The petitioner contends that under section 229 of the Revenue Act of 1921 the new corporation known as James B. Clark Theatres, Inc., organized March 8, 1922, succeeded to the business of the petitioner as owner and operator of motion picture theatres owned or leased by himself individually or owned or leased by the partnership of Rowland & Clark, of which he was a member, or owned or leased by corporations in which he was a stockholder; that such corporation properly reported the items of income in controversy; and that such items of income were erroneously included in the income of the petitioner.

The respondent contends that section 229 of the Revenue Act of 1921 was not applicable to the items of income in question, and that they were properly included in the income of the petitioner. He also

contends that this section does not authorize a corporation organized within four months after the passage of the Act to report the income of a trade or business for the period between January 1, 1921, and the date of organization of such corporation.

Section 229 of the Revenue Act of 1921 reads as follows:

That in the case of the organization as a corporation within four months after the passage of this act of any trade or business in which capital is a material income-producing factor, and which was previously owned by a partnership or individual, *the net income of such trade or business from January 1, 1921, to the date of such organization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921,* and the undistributed profits or earnings of such trade or business shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1921, from the earnings or profits of such trade or business accumulated after December 31, 1920, shall be taxed to the recipients as dividends; *and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business: Provided,* That this section shall not apply to any trade or business, the net income of which for the taxable year 1921 was less than 20 per centum of its invested capital for such year: *Provided further,* That any taxpayer who takes advantage of this section shall pay the tax imposed by section 1000 of the Revenue Act of 1918 as if such taxpayer had been a corporation on and after January 1, 1921. (Italics ours.)

We will first consider the last contention of the respondent. The provisions of section 229 are clear as to the date from which and the manner in which the net income and invested capital of a trade or business, coming within the meaning of the section, are to be computed. The section also specifically provides that all the provisions of Titles II and III of the Act relating to corporations, so far as practicable, apply to such trade or business. In view of the language of the Act we think that contention of the respondent must be denied.

The evidence shows that the business of the petitioner, in 1921, was the owning or leasing, operating and managing a chain of motion picture theatres. The operating of a chain of moving picture theatres is a business. The petitioner was experienced in this part of his business and maintained a staff of people and equipment for the purpose. His operation activity was confined to those theatres in which he had an interest either by reason of his complete ownership, his share as a partner, or as a corporate stockholder. The petitioner's opportunities to make an income as a manager and operator were secured by his investments in the various theatres. The ownership of an interest and the opportunity to operate were inseparable. It is obvious that the business conducted by the petitioner was both the owning of an interest and the operation of the theatre in which the interest was held. This was a business in which capital was a

material income-producing factor, and the petitioner's capital, his personal services and the personal services of others made his business. The petitioner's income was as much dependent upon his ability in selecting the right theatres in which to acquire an interest as it was upon his skill in operating them after they were acquired. The profit on ownership was dependent upon capacity in operation. Both interest in ownership and management of motion picture theatres was the petitioner's business in 1921.

The evidence shows that the petitioner's distributive share of the partnership profits was not actually distributed to him but was left in the partnership and thereby increased his interest therein. When the corporation which took over the business of the partnership was organized it gave the petitioner stock for his interest in the partnership and he transferred the stock to the James B. Clark Theatres, Inc. In this manner the petitioner's profits from the partnership, $20,803.94, were transferred to the James B. Clark Theatres, Inc., and became a part of the assets of that corporation. The evidence also shows that the dividend of $3,500 received in 1921 by the petitioner from the Titusville Amusement Co. was not withdrawn by him from his business but became a part of the assets of the James B. Clark Theatres, Inc. Since the partnership profits of $20,803.94 and the dividend of $3,500 were income of the petitioner's business and were not withdrawn therefrom during 1921 but remained and became a part of the assets transferred to the new corporation, we think the respondent erred in determining that these amounts are taxable to the petitioner.

With respect to the dividend of $30,000 received by Clark from the General Amusement Enterprises, we find that on December 31, 1921, he withdrew it from his business which he operated as an individual. At the time of the withdrawal he gave a "note" to his business for $26,000 of the amount. The evidence shows that the "note," which was subsequently paid, became a part of the assets of the James B. Clark Theatres, Inc. The respondent contends that Clark's withdrawal of the dividend, $30,000, constituted a distribution within the purview of section 229. The petitioner contends that inasmuch as he gave the business a "note" for $26,000, which was subsequently paid, that to that extent it constituted a loan from the business to him. Inasmuch as the petitioner operated his business as an individual the substance of his contention is that he loaned himself the $26,000. It is an elementary principle of law that a man can not contract with himself, and in our opinion this contention is without merit. What the tenor or nature of the "note" was the record does not show, but whatever it was we think that in so far as the petitioner is concerned, it constituted nothing more than a memorandum prior to the time it was transferred to the corporation. The

petitioner was unable to testify as to when or in what manner payment of the "note" was made, nor was he able to offer any explanation as to how the difference of $4,000 between the amount of the dividend and the "note" was handled. Inasmuch as the $30,000 was actually withdrawn by the petitioner from his business, we think it was such an amount distributed after January 1, 1921, as is contemplated by section 229, and, therefore, is taxable to him as a dividend as provided in that section.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK dissents.